1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>        v.<br><br>JOHN BRANNON SUTTLE III,<br><br>              Defendant. | NO. 2:14-cr-00083-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** |

14

15

16

17

18

Before the Court is Defendant's Motion to Vacate in Light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF No. 58. A hearing on the motion was held on June 14, 2016, in Yakima, Washington. Defendant was represented by Alison Guernsey. The United States was represented by Thomas J. Hanlon, substituting for Caitlin A. Baunsgard.

19

### BACKGROUND FACTS

20

21

22

23

24

25

26

27

On May 27, 2014, a criminal complaint was filed by the United States charging Defendant with Being a Felon in Possession of a Firearm. ECF No. 1. The accompanying Affidavit set forth Defendant's extensive criminal history, which included 10 felony convictions.  An Indictment was filed on June 3, 2014, also charging Defendant with Being a Felon in Possession of a Firearm and Ammunition.  ECF No. 16. The penalty slip indicated that the maximum penalty of imprisonment is 10 years, but if Defendant was found to be an Armed Career Criminal, the maximum penalty of imprisonment would be 15 years. ECF No. 17.

28

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 1

On October 7, 2014, Defendant appeared with counsel to enter a change of plea, pursuant to a written plea agreement. Defendant agreed to plead guilty to an Information Superseding Indictment, charging him with Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j), 924(a)(2).  ECF. No. 34. In taking the plea, the Court engaged in a colloquy with Defendant three separate times in order to better understand the facts to which Defendant was admitting and to ensure that these facts established the elements of the offense, which was Possession of a Stolen Firearm. *Id.*

Eventually, the Court accepted Defendant's guilty plea and set a date for sentencing. Page 8, ¶ 14 of the plea agreement contained a waiver of appeal and waiver of Defendant's right to file a § 2255 petition. Notably, while the Court reviewed the waiver of appeal with Defendant during the colloquy, it did not specifically address the waiver of the § 2255 motion. ECF No. 57 at 32.

The plea agreement was based on Fed. C. Cr. P.11(c)(1)(C). In it, the parties agreed the Base Offense Level was 24, with a 2-level addition for the gun being stolen, and a 3-level reduction for acceptance of responsibility. The parties agreed the United States would recommend a term of incarceration of 120 months and the Defendant would recommend a term of incarceration of 87 months.

U.S. Probation prepared the Presentence Investigation Report. The PSIR set forth a Base Offense Level of 20, because only convictions that receive history points under U.S.S.G. § 4A1.1(a),(b), or (c), and only those convictions that are counted separately can be utilized.[1] Probation included the 2-level increase

---

[1] While Defendant has serious criminal history, including convictions for extortion, burglary, and robbery, these convictions occurred outside the time frame for counting them toward his criminal history. The convictions for which he received criminal history points include Assault and Battery on Emergency Medical Technician (2 counts) (2004); Obtaining Cash or Merchandise by Bogus

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 2

because Defendant entered a guilty plea with a stipulation that the firearm he possessed was stolen, although Probation noted there was no other indication in the record that the firearm was actually stolen. Probation computed a Total Offense Level of 19, with the corresponding sentencing range at 37 to 46 months.

Additionally, in the Specific Offense Characteristics section, Probation noted that originally Defendant was charged with Felon in Possession of a Firearm, and that had he been convicted of that charge, he would have been an Armed Career Criminal facing a mandatory 15-year term of imprisonment. ECF No. 42, ¶ 25. Also, in ¶ 153-154 of the PSIR, Probation addressed the impact of the plea agreement, noting Defendant faced a 15-year sentence as originally charged, and also noted the plea agreement recommended a sentence range (87-120 months) that was significantly higher than the guideline range (37-46 months).

In its Sentencing Memorandum, the United States reiterated that Defendant received a substantial reduction to his sentencing exposure by pleading to Possession of a Stolen Firearm versus Felon in Possession of a Firearm, and thereby avoiding the Armed Career Criminal 15-year mandatory minimum.  ECF No. 49 at 1-2. It also noted that generally, the United States will only agree to a 120-month sentence when Defendant receives such relief. *Id.* at 2.

The Court imposed a sentence of 87 months imprisonment; three years supervised release; and $100 special penalty assessment. It imposed the above the advisory guideline range based on the binding plea agreement.

///

///

///

Check (2005); Possession of Controlled Substance/Drug Paraphernalia (2005); and Possession of Controlled Substance (2009).

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 3

**MOTION STANDARD**

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> (1) the sentence was imposed in violation of the Constitution or laws of the United States;
>
> (2) the court was without jurisdiction to impose such sentence; or
>
> (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

The harmless error review standard applies to § 2255 motions. *United States v. Montalvo*, 331 F.3d 1052, 1057 (9th Cir. 2003) (holding that *Brecht's* harmless error standard applies to habeas cases under § 2255). Under *Brecht*, a constitutional error does not require reversal of conviction unless the petitioner can show that the error was of such magnitude as to have a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

A party seeking relief under § 2255 must file his or her motion within the one-year statute of limitations set forth in § 2255(f). For purposes of this case, the limitations period runs one year from when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

**JOHNSON AND WELCH**

Although Defendant was not sentenced under the Armed Career Criminal Act (ACCA), as set forth above it played a significant role in the ultimate resolution of this case. The ACCA requires courts to impose a sentence of not less than 15 years for persons convicted of Felon in Possession of a Firearm (among other convictions), who have three previous convictions for a violent felony or a

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 4

serious drug offense or both. 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B)[2] defines "violent felony" to include a specified crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." This phrase has been referred to as the "residual clause." *United States v. Lee*, __ F.3d __, 2016 2638364 (9th Cir. May 6, 2016).

In *Johnson v. United States*, the Supreme Court held that the residual clause of the ACCA was void for vagueness. __ U.S. __, 135 S.Ct. 2551, 2557 (2015). Recently, the Supreme Court held that its decision in *Johnson* announced a new substantive rule that applied retroactively on collateral review. *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257, 1265 (2016).

## WAIVER

The Government asks the Court to enforce the waiver of the right to file a § 2255 motion that is contained in the plea agreement.

The Ninth Circuit has held that an appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed. R. Cr.P. 11; 2) the sentencing judge informs a defendant that he retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law. *United States v. Bibler*, 495 F.3d 621, 632 (9th Cir. 2007) (collecting cases).

---

[2] 18 U.S.C. § 924(e)(2)(B) states:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . .

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 5

Defendant asserts the waiver is unenforceable pursuant to *United States v. Arellano-Gallegos*, 387 F.3d 794, 796-97 (9th Cir. 2004). In *Arellano-Gallegos*, the Circuit held that the failure to comply with Rule 11 constituted plain error. *Id.* at 797 (noting that "wholesale failure" to comply with Rule 11 to ensure that the defendant understood the consequences of his waiver of right to appeal would seriously affect the fairness, integrity, and public reputation of plea proceedings).

At the hearing, the United States did not challenge Defendant's assertions that the Court's colloquy with Defendant did not comply with Rule 11. A review of the transcript reveals that the Court did not discuss the waiver of Defendant's right to file a § 2255 petition with him and as such, the waiver is not enforceable.

In addition, as set forth below, Defendant's sentence is unconstitutional because the ACCA affected every aspect of the proceedings beginning with the charging decision to the ultimate sentence pronounced by the Court, and therefore, the waiver is not enforceable.

Finally, the Court questions but does not decide whether, in the context of a change of plea hearing, a defendant can ever knowingly and intelligently waive his right to file an appeal or to file a § 2255 motion. The Court agrees with Judge Paul Friedman, when he noted in his dissenting opinion:

> Sentencing, however, does not occur contemporaneously with the plea and waiver. It is a future event, and the mistakes from which one might have reason to appeal have not yet occurred at the time a defendant waives the right to appeal or collaterally attack the plea or sentencing proceedings. A defendant cannot know what he or she has given up by waiving the right to appeal until after the judge and counsel have reviewed a yet-to-be prepared presentence investigation report, after the judge has considered other information not known to the defendant at the time of the plea and after the judge has actually imposed sentence. By then it is too late, no matter how disproportionate the sentence or how egregious the procedural or substantive error committed by the sentencing judge or the defendant's own counsel. It is hard to see how a defendant at the plea hearing can ever knowingly or intelligently—that is, with "a full

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 6

awareness of both the nature of the rights being abandoned and the
consequences of the decision to abandon it"—waive the right to
appeal or collaterally attack a sentence that has not yet been imposed.
Such perspective waivers in anticipation of unknown further events
are inherently unknowing and unintelligent.

*United States v. Medina-Carrasco*, 815 F.3d 457, 464 (9th Cir. 2016) (J.
Friedman, dissenting).

### ANALYSIS

Defendant maintains that post-*Johnson* many, if not all, of Defendant's prior

predicate convictions are no longer "violent felonies" and would not subject him

to ACCA exposure, which induced his agreement to request such an above-range

sentence. He maintains that if he were sentenced today, he would be subject to a

Base Offense Level of 14, resulting in a guideline range of 18 to 24 months.[3]

As set forth above, the underlying foundation upon which the resolution of

Defendant's case was based has now crumbled in the wake of *Johnson* and *Welch*.

The initial charging document, the plea negotiations, the resulting 11(c)(1)(C) plea

agreement, the decision to forgo a pretrial motion to suppress and to plead guilty,

the sentencing recommendations by both parties, and the sentencing decision were

all made or taken in light of the fact that Defendant was facing an ACCA 15-year

mandatory minimum sentence.

Because of this, the proper analysis is not as the parties have framed it, that

is, whether the new rule announced in *Johnson* is a new substantive or procedural

rule and whether it is applicable to the Guidelines. Rather, the proper analysis is to

view Defendant's case as a *Johnson* case. While not every case in which a

defendant is facing potential ACCA exposure should be viewed in this manner,

─────────────────

[3]The United States did not challenge this assertion in its briefing, but stated at oral

argument it believed that to the extent the case was going to come back for

resentencing, the issue of whether Defendant's prior offense would count as

crimes of violence would be resolved during the resentencing process.

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 7

given the circumstances of this case, especially in light of the questions the Court and Probation had regarding the elements of the crime, *i.e.* whether the gun was stolen, the fact that Defendant agreed to a sentence that was almost double the Guideline range, and the fact that had Defendant been sentenced as originally charged he would have been eligible for § 2255 relief, due process, the interest of justice, and fundamental fairness demand that the Court consider Defendant's § 2255 motion as if he was pursuing *Johnson* ACCA claims.

When viewed in this light, the retroactive application of the *Johnson* rule to the criminal proceedings in the above-captioned case establishes that it was constitutional error to proceed as if Defendant met the ACCA requirements. Defendant has established that this error was not harmless. As such, resentencing is required.

In addition, in the case at bar, the Government concedes that *Johnson's* invalidation of the ACCA residual clause likewise invalidates the identically worded residual clause guideline, with the effect that USSG 4B1.2(a)(2) can no longer be applied in sentencing proceedings and in cases pending on direct review as of the date *Johnson* was decided.  However, the Government objects to the pending motion to vacate and argues that the *Johnson* rule is procedural, not substantive, and therefore not retroactive to a collateral challenge to the guidelines under the *Teague v. Lane*, 489 U.S. 288, 310 (1989).

This same stipulation and similar arguments were made by the Government in *United States v. Dean*, 2016 WL 1060229 (D. Oregon Mar. 2016). In *Dean*, the district court considered very similar arguments made here and concluded that *Johnson* applies retroactively because it is a new substantive rule and thus the *Teague* bar does not apply. While the *Dean* case is not controlling on this Court, it is persuasive.

Similarly, in this case, the *Johnson* rule is a new substantive rule and thus the *Teague* bar does not apply.

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** ~ 8

1      Accordingly, **IT IS HEREBY ORDERED:**

2      1.   Defendant's Motion to Vacate in Light of *Johnson v. United States*, 135

3 S.Ct. 2551 (2015), ECF No. 58, is **GRANTED**.

4      2.   Counsel for the United States is directed to work closely with the U.S.

5 Marshals Service to make Defendant available for a resentencing hearing

6 forthwith, and shall notify the Court as soon as it can determine when Defendant

7 will be available for the resentencing hearing.

8      3.   Defendant's Motion for Permission to File Overlength Brief, ECF No.

9 71, is **GRANTED**.

10      4.   Defendant's Motion to Expedite, ECF No. 72, is **GRANTED**.

11     **IT IS SO ORDERED.** The District Court Executive is hereby directed to

12 enter this Order and provide a copy to counsel and the U.S. Marshals Service.

13     **DATED** this 20th day of June, 2016.



Stanley A. Bastian
United States District Judge